**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ROBERTO HERNANDEZ AND CLAUDIA HERNANDEZ** | **CIVIL ACTION NO. 6:24-CV-00912** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SWIFTSHIPS, LLC, STABBERT MARITIME HOLDING, LLC, OCEAN INTREPID HOLDING, LLC, AND OCEAN SERVICES LLC** | **MAGISTRATE JUDGE DAVID J. AYO** |

**ANSWER TO COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come Defendants Stabbert Maritime Holdings, LLC and Ocean Intrepid Holding, LLC and, in response to Plaintiffs' Complaint, respectfully avers as follows:

**ANSWER TO COMPLAINT**

**I.**

The allegations contained in Paragraph 1 of Plaintiffs' Complaint are legal conclusions that require no response from Defendants. To the extent that a response is required, Defendants admit that this matter falls within the Court's original admiralty jurisdiction.

**II.**

The allegations contained in Paragraph 2 of Plaintiffs' Complaint pertaining to Swiftships, LLC are denied for lack of sufficient information to justify a belief therein. As to Stabbert Maritime Holdings, LLC and Ocean Intrepid Holding, LLC, Defendants admit that those entities are Washington Limited Liability Companies. All other allegations contained in Paragraph 2 of Plaintiffs' Complaint are denied.

**III.**

The allegations contained in Paragraph 3 of Plaintiffs' Complaint are denied as written.

**IV.**

The allegations contained in Paragraph 4 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

**V.**

The allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied as written.

**VI.**

The allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied as written.

**VII.**

The allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied.

**VIII.**

The allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied.

**IX.**

The allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

**X.**

The allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied.

**XI.**

The allegations contained in Paragraph 11 of Plaintiffs' Complaint are denied.

**XII.**

The allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied. Defendants further deny any and all allegations contained in any unnumbered and/or misnumbered paragraphs and further deny any and all allegations not specifically admitted herein. Defendants also reserve the right to amend this Answer, if deemed necessary.

**AND NOW FURTHER ANSWERING**, Defendants Stabbert Maritime Holdings, LLC and Ocean Intrepid Holding, LLC assert the following affirmative defenses to Plaintiffs' Complaint:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relied can be granted.

**SECOND AFFIRMATIVE DEFENSE**

In the event that this Honorable Court finds that Plaintiffs suffered any injuries or damages, which is specifically denied, Plaintiffs' claims are barred, in whole or in part, to the extent that such injuries or damages were caused by the fault, negligence, last clear chance, assumption of risk, and/or inattention of Plaintiffs.

**THIRD AFFIRMATIVE DEFENSE**

In the event that this Honorable Court finds that Plaintiffs actually suffered injuries or damages, which is specifically denied, Plaintiffs' claims are barred, in whole or in part, to the extent that such injuries or damages were caused by the fault, negligence, last clear chance, assumption of risk, and/or strict liability of others for whom or for which Defendants may not be held responsible, an Act of God, a preexisting condition, and/or an inevitable accident.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to mitigate his damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' injuries, illnesses or disabilities, if any, pre-existed, in whole or in part, the alleged incident and/or are the progression of a condition which pre-existed the incident.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff Roberto Hernandez failed to follow his physician's recommendations concerning treatment, recovery, and/or ability to return to work.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' injuries and/or damages, if any, resulted from an unforeseeable occurrence and/or independent, intervening, or superseding causes for which Defendants cannot be held legally responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants are entitled to a credit or setoff for any amounts paid previously paid to Plaintiffs by or on behalf of Defendants for any alleged damages sustained by Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

Defendants are entitled to a credit or setoff for any amounts paid by other parties for any alleged damages sustained by Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' injuries and damages, if any, occurred without the privity or knowledge of Defendants and the amount of damages sued for in the Complaint herein exceeds the value of Defendants' interest in the M/V OCEAN INTREPID and her freight then pending, if any, at the time of Plaintiffs' alleged accident. Accordingly, Defendants invoke the provisions of the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq., under which provisions Plaintiffs are not entitled to recover damages in any sum in excess of the amount or value of Defendants' interest in the M/V OCEAN INTREPID at the conclusion of the voyage on which Plaintiffs allegedly sustained injuries, if any, and her freight then pending, even if Defendants are held liable this matter, which liability is specifically denied.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants give notice of and reserves the right to assert any and all defenses that may become available or apparent as discovery progresses in this matter.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Arthur R. Kraatz*
Gary A. Hemphill (Bar #6768)
Arthur R. Kraatz (Bar #35194)
Harrison M. Martin (Bar #39271)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: gary.hemphill@phelps.com
Email: arthur.kraatz@phelps.com
Email: harrison.martin@phelps.com

**ATTORNEYS FOR DEFENDANTS STABBERT MARITIME HOLDINGS, LLC AND OCEAN INTREPID HOLDING, LLC**