**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ROBERTO HERNANDEZ AND CLAUDIA HERNANDEZ** | **CIVIL ACTION NO. 6:24-CV-00912** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SWIFTSHIPS, LLC, STABBERT MARITIME HOLDING, LLC, OCEAN INTREPID HOLDING, LLC, AND OCEAN SERVICES LLC** | **MAGISTRATE JUDGE DAVID J. AYO** |

## ANSWER TO COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Defendant, Ocean Services LLC which in response to Plaintiffs' Complaint, respectfully avers as follows:

## ANSWER TO COMPLAINT

**1.**

The allegations contained in Paragraph 1 of Plaintiffs' Complaint are legal conclusions that require no response from Defendant. To the extent that a response is required, Defendant admits that this matter falls within the Court's original admiralty jurisdiction.

**2.**

Defendant admits that it is a Washington Limited Liability Company. All other allegations contained in Paragraph 2 of Plaintiffs' Complaint do not require a response from Defendant. To the extent a response is required, all other allegations in Paragraph 2 are denied.

**3.**

The allegations contained in Paragraph 3 of Plaintiffs' Complaint are denied as written.

**4.**

The allegations contained in Paragraph 4 of Plaintiffs' Complaint do not require a response from Defendant. To the extent a response is required, the allegations contained in Paragraph 4 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

**5.**

The allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied as written.

**6.**

The allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied as written.

**7.**

The allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied.

**8.**

The allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied.

**9.**

The allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

**10.**

The allegations contained in Paragraph 10 of Plaintiffs' Complaint do not require a response from Defendant. To the extent a response is required, the allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied.

**11.**

The allegations contained in Paragraph 11 of Plaintiffs' Complaint are denied.

**12.**

The allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied. Defendant further denies any and all allegations contained in any unnumbered and/or misnumbered

paragraphs and further denies any and all allegations not specifically admitted herein. Defendant also reserves the right to amend this Answer, if deemed necessary.

**AND NOW FURTHER ANSWERING**, Defendant Ocean Services LLC asserts the following affirmative defenses to Plaintiffs' Complaint:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a cause of action or a right of action upon which relied can be granted.

**SECOND AFFIRMATIVE DEFENSE**

In the event that this Honorable Court finds that Plaintiffs suffered any injuries or damages, which is specifically denied, Plaintiffs' claims are barred, in whole or in part, to the extent that such injuries or damages were caused by the fault, negligence, last clear chance, assumption of risk, and/or inattention of Plaintiffs.

**THIRD AFFIRMATIVE DEFENSE**

In the event that this Honorable Court finds that Plaintiffs actually suffered injuries or damages, which is specifically denied, Plaintiffs' claims are barred, in whole or in part, to the extent that such injuries or damages were caused by the fault, negligence, last clear chance, assumption of risk, and/or strict liability of others for whom or for which Defendant may not be held responsible, an Act of God, a preexisting condition, and/or an inevitable accident.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to mitigate their damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' injuries, illnesses or disabilities, if any, pre-existed, in whole or in part, the alleged incident and/or are the progression of a condition which pre-existed the incident.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff Roberto Hernandez failed to follow his physician's recommendations concerning treatment, recovery, and/or ability to return to work.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' injuries and/or damages, if any, resulted from an unforeseeable occurrence and/or independent, intervening, or superseding causes for which Defendant cannot be held legally responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant is entitled to a credit or setoff for any amounts paid previously paid to Plaintiffs by or on behalf of Defendant for any alleged damages sustained by Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

Defendant is entitled to a credit or setoff for any amounts paid by other parties for any alleged damages sustained by Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' injuries and damages, if any, occurred without the privity or knowledge of Defendant and the amount of damages sued for in the Complaint herein exceeds the value of Defendant's interest in the M/V OCEAN INTREPID and her freight then pending, if any, at the time of Plaintiffs' alleged accident. Accordingly, Defendant invokes the provisions of the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq., under which provisions

Plaintiffs are not entitled to recover damages in any sum in excess of the amount or value of Defendant's interest in the M/V OCEAN INTREPID at the conclusion of the voyage on which Plaintiffs allegedly sustained injuries, if any, and her freight then pending, even if Defendant is held liable this matter, which liability is specifically denied.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to punitive damages as a matter of law.

**TWELF AFFIRMATIVE DEFENSE**

Defendant gives notice of and reserves the right to assert any and all defenses that may become available or apparent as discovery progresses in this matter.

Respectfully submitted,

**MOULEDOUX, BLAND, LEGRAND, & BRACKET**

BY: s/Katie L. Briuglio
MICHAEL T. NEUNER (#36605)
TREVOR M. CUTAIAR (#33082)
KATIE L. BRIUGLIO (#40291)
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Telephone: 504 595 3000
Facsimile: 504 522 2121
Email: mneuner@mblb.com
Email: tcutaiar@mblb.com
Email: kbriuglio@mblb.com

**ATTORNEYS FOR DEFENDANT OCEAN SERVICES LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of August, 2024, the foregoing pleading was filed and served upon all parties via the Court's ECF filing system.

s/Katie L. Briuglio