**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**ROBERTO HERNANDEZ, ET AL.** — **CASE NO. 6:24-CV-00912**

**VERSUS** — **JUDGE ROBERT R. SUMMERHAYS**

**SWIFTSHIPS LLC, ET AL.** — **MAGISTRATE JUDGE DAVID J. AYO**

# ORDER

The present matter before the Court is the Motion in Limine to Exclude the Report, Opinions, and Testimony of Bob Borison[1] filed by Defendant Ocean Services, LLC ("Ocean Services"). Plaintiff opposes the motion.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony and reports. A witness may be qualified as an expert through knowledge, skill, experience, training, or education.[2] A qualified expert may testify "in the form of an opinion or otherwise," provided that: (1) the expert's testimony will help the trier of fact understand the evidence or determine a fact at issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.[3] Rule 702 imposes an obligation on the trial court to ensure that expert testimony—whether scientific or not—is not only relevant, but reliable.[4] An expert's opinion may be based on facts or data in the case of which the expert has been made aware, or

---

[1] ECF No. 52.
[2] Fed. R. Evid. 702.
[3] *Id.*
[4] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

facts or data which he or she has personally observed.[5] An expert may not render legal conclusions or provide opinions on legal issues.[6]

Expert testimony is relevant if it is shown that the expert's "reasoning or methodology can be properly applied to the facts in issue."[7] To be reliable, expert testimony must be "grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief."[8] The proponent of expert testimony has the burden to show by a preponderance of the evidence it is reliable, not that it is correct.[9] "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia."[10] The questions of relevance and reliability are the Court's overarching concern.[11] The analysis should be performed with an eye toward whether the expert opinion will assist the trier of fact, which requires that a proffered expert be able to "bring to the [factfinder] more than the lawyers can offer in argument."[12] Whether an expert's opinion would be helpful to the trier of fact is a low bar to meet and turns largely on whether the testimony is relevant; questions related to the bases and sources of an expert's opinion go to the weight to be assigned to it, rather than its admissibility.[13] The Court's role is not to displace the adversary system, but to ensure that the disputed evidence is "sufficiently reliable and relevant to the issue so that it is appropriate for the [factfinder's] consideration."[14] Exclusion of expert testimony is the

---

[5] Fed. R. Evid. 703.

[6] *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (citing *Goodman v. Harris Cnty*., 571 F.3d 388, 399 (5th Cir. 2009)).

[7] *Johnson v. Arkema, Inc*., 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc*. 174 F.3d 661, 668 (5th Cir.1999)).

[8] *Id*. (quoting *Curtis*, *supra*).

[9] *Id.* (citing *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir.1998)).

[10] *Knight v. Kirby Inland Marine Inc*., 482 F.3d 347, 355 (5th Cir. 2007) (quoting *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 155 (3d Cir. 1999)).

[11] *Puga v. RCX Sols., Inc*., 922 F.3d 285, 293–94 (5th Cir. 2019).

[12] *Id.* (internal citations omitted).

[13] *Id.* (citations omitted).

[14] *Id.* at 294.

exception rather than the rule, as "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[15]

Having reviewed the Motion, the Court finds that Ocean Services' arguments go to the weight assigned to Mr. Borison's opinions, rather than their admissibility. Cross-examination is thus the most appropriate vehicle to address those arguments. Accordingly,

IT IS ORDERED THAT the Motion in Limine to Exclude the Report, Opinions, and Testimony of Bob Borison [ECF No. 52] filed by Ocean Services is DENIED.

THUS DONE in Chambers on this 13th day of November, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

[15] *Id.* (citing *Daubert*, 509 U.S. at 596).