**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ROBERTO HERNANDEZ, ET AL.** | **CASE NO. 6:24-CV-00912** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SWIFTSHIPS LLC, ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

## ORDER AND REASONS

Presently before the Court is the Motion in Limine to Limit the Report, Opinions, and Testimony of Dr. Nilesh N. Kotecha[1] filed by Defendant Ocean Services, LLC ("Ocean Services"). For the following reasons, the Court DENIES the Motion.

## I.
## BACKGROUND

Dr. Kotecha treated Plaintiff Roberto Hernandez for injuries allegedly sustained in an accident while working aboard Ocean Services' vessel M/V OCEAN INTREPID.[2] Plaintiff intends to call Dr. Kotecha at trial and included Dr. Kotecha in his disclosure of non-retained treating physicians,[3] provided to defendant on June 11, 2026.[4] On June 16, 2026, five days after the non-retained expert disclosure deadline, Plaintiff supplemented his disclosure with an opinion letter written by Dr. Kotecha.[5] That letter discusses, *inter alia*, future treatment Dr. Kotecha believes will be necessary, as well as an estimate of the cost of such treatment.[6] In the instant motion, Ocean Services challenges this disclosure as untimely or otherwise insufficient.[7] Ocean Services seeks to exclude or limit Dr. Kotecha's testimony based on the allegedly insufficient

---

[1] ECF No. 53.
[2] ECF No. 53-3; ECF No. 53-1 at 4.
[3] ECF No. 53-5 at 2.
[4] ECF No. 67 at 2.
[5] *Id. See* ECF No. 53-3.
[6] ECF No. 53-3 at 1–4.
[7] ECF No. 53-1 at 5–10.

disclosure.[8] Alternatively, Ocean Services seeks to exclude Dr. Kotecha's testimony as unreliable under Rule 702 of the Federal Rules of Evidence.[9]

## II.
## DISCUSSION

### A. Plaintiff's Disclosure under Rule 26(a)(2)

First, the Court must address the question of whether Plaintiff's disclosure of Dr. Kotecha's testimony was sufficient. Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose expert witnesses they may call at trial by the deadline ordered by the Court.[10] If the witness is a retained expert, subsection (B) requires that the witness provide a detailed, written report.[11] If the witness is not a retained expert witness, he or she is not required to provide the foregoing report.[12] However, subsection (C) requires that the disclosure of such non-retained expert witnesses must additionally state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and . . . a summary of the facts and opinions to which the witness is expected to testify."[13] This latter category of experts includes treating physicians.[14] To the extent such witnesses intend to provide expert testimony under Evidence Rule 702, 703, or 705, they must provide the disclosures required by subdivision (C).[15]

If a party fails to properly disclose a non-retained expert witness as required by Rule 26:

---

[8] ECF No. 53 at 1.
[9] ECF No. 53-1 at 16.
[10] Fed. R. Civ. P. 26(a)(2)(A) & (D).
[11] Fed. R. Civ. P. 26(a)(2)(B); *see also LaShip, L.L.C. v. Hayward Baker, Inc.*, 680 Fed.Appx. 317, 324 (5th Cir. 2017) (subsection (B) addresses "experts who are retained specifically for litigation").
[12] Fed. R. Civ. P. 26(a)(2)(C); *see also LaShip* (subsection (C) addresses "expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness.").
[13] *Id.*
[14] Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment; *see also Hooks v. Nationwide Hous. Sys., LLC*, 2016 WL 3667134, *3 (E.D. La. July 11, 2016) ("any testimony not contained in medical records is more aptly considered expert testimony and subject to disclosure under Rule 26(a)(2)(C)).
[15] *Id.* This disclosure is considerably less detailed than the report required for retained experts, and courts should be wary of requiring too detailed of a disclosure, "keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

[T]he party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure."[16]

The Fifth Circuit looks to four factors in determining whether a Rule 26 violation is harmless: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[17]

Plaintiff's June 11 disclosure, in general, sufficiently outlines the opinions and subject matter about which Dr. Kotecha is expected to testify. Dr. Kotecha's letter provides further information in line with that disclosure, with the possible exception of the costs of future treatment discussed in the letter. As to the costs, however, the court is satisfied that any untimely disclosure was harmless. The testimony is undeniably important and no continuance is available. Nor has Plaintiff provided an adequate excuse for the untimely disclosure. Nonetheless, Ocean Services will suffer little to no prejudice based on this supplementary disclosure five days after the timely initial disclosure. The letter, if untimely at all, was only five days so. Dr. Kotecha's deposition took place nearly two months later, on August 14, 2026. A five-day delay is unlikely to significantly handicap preparations for a deposition, especially where the timely initial disclosure stated that Dr. Kotecha would testify to the need for future care.

---

[16] Fed. R. Civ. P. 37(c)(1).
[17] *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

**B. Reliability under Rule 702**

The Court next turns to Ocean Services' argument that Dr. Kotecha's testimony, as disclosed by Plaintiff, should be excluded as unreliable under Rule 702 of the Federal Rules of Evidence and the accompanying *Daubert* standard.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony and reports. A witness may be qualified as an expert through knowledge, skill, experience, training, or education.[18] A qualified expert may testify "in the form of an opinion or otherwise," provided that: (1) the expert's testimony will help the trier of fact understand the evidence or determine a fact at issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.[19] Rule 702 imposes an obligation on the trial court to ensure that expert testimony—whether scientific or not—is not only relevant, but reliable.[20] An expert's opinion may be based on facts or data in the case of which the expert has been made aware, or facts or data which he or she has personally observed.[21] An expert may not render legal conclusions or provide opinions on legal issues.[22]

Expert testimony is relevant if it is shown that the expert's "reasoning or methodology can be properly applied to the facts in issue."[23] To be reliable, expert testimony must be "grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective

---

[18] Fed. R. Evid. 702.
[19] *Id.*
[20] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).
[21] Fed. R. Evid. 703.
[22] *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (citing *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009)).
[23] *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc*. 174 F.3d 661, 668 (5th Cir.1999)).

belief."[24] The proponent of expert testimony has the burden to show by a preponderance of the evidence it is reliable, not that it is correct.[25] "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia."[26] The questions of relevance and reliability are the Court's overarching concern.[27] The analysis should be performed with an eye toward whether the expert opinion will assist the trier of fact, which requires that a proffered expert be able to "bring to the [factfinder] more than the lawyers can offer in argument."[28] Whether an expert's opinion would be helpful to the trier of fact is a low bar to meet and turns largely on whether the testimony is relevant; questions related to the bases and sources of an expert's opinion go to the weight to be assigned to it, rather than its admissibility.[29] The Court's role is not to displace the adversary system, but to ensure that the disputed evidence is "sufficiently reliable and relevant to the issue so that it is appropriate for the [factfinder's] consideration."[30] Exclusion of expert testimony is the exception rather than the rule, as "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[31] The Fifth Circuit has cautioned against the rigid use of the *Daubert* factors in "assessing the relevance and reliability of clinical medical testimony. Instead, the trial court as gatekeeper should determine whether the doctor's proposed testimony as a clinical

---

[24] *Id*. (quoting *Curtis*, *supra*).
[25] *Id.* (citing *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir.1998)).
[26] *Knight v. Kirby Inland Marine Inc*., 482 F.3d 347, 355 (5th Cir. 2007) (quoting *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 155 (3d Cir. 1999)).
[27] *Puga v. RCX Sols., Inc*., 922 F.3d 285, 293–94 (5th Cir. 2019).
[28] *Id.* (internal citations omitted).
[29] *Id.* (citations omitted).
[30] *Id.* at 294.
[31] *Id.* (citing *Daubert*, 509 U.S. at 596).

physician is soundly grounded in the principles and methodology of his field of clinical medicine."[32]

Dr. Kotecha treated Plaintiff for the alleged injuries in this case. Plaintiff's disclosure sufficiently outlines the facts and opinions to which Dr. Kotecha will testify, and his opinion letter provides further context to those opinions, which he formed during treatment and evaluation. The Court is satisfied that his opinions are grounded in the principles and methodology of his field, and that his testimony should be allowed at this bench trial. The concerns raised as to Dr. Kotecha's opinions are best addressed through vigorous cross-examination.

## III.
## CONCLUSION

For the following reasons,

IT IS HEREBY ORDERED that Defendant Ocean Services, LLC's Motion in Limine to Limit the Report, Opinions, and Testimony of Dr. Nilesh N. Kotecha [ECF No. 53] is DENIED.

THUS DONE in Chambers on this 19th day of November, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

[32] *Moore v. Ashland Chem, Inc.*, 126 F.3d 679, 690 (5th Cir. 1997), on reh'g. 151 F.3d 269 (5th Cir. 1998), cert. denied, 526 U.S. 1064 (1999).