**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ROBERTO HERNANDEZ, ET AL.** | **CASE NO. 6:24-CV-00912** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SWIFTSHIPS LLC, ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

# ORDER

The present matter before the Court is the Motion in Limine Regarding Excessive Medical Expenses and Lost Wage Calculations [ECF No. 71] filed by defendant Ocean Services, LLC ("Ocean Services"). For the following reasons, the Motion is DENIED.

In the instant motion, Ocean Services seeks to prevent Plaintiff from presenting evidence of future medical costs and lost wages based on rates in the American market.[1] At the time of the accident underlying this action, Hernandez was in the United States illegally. He has since been deported to Mexico.[2] Ocean Services argues it is unreasonable to base future lost wage and medical expense damages based on American rates, as Hernandez has no legal right to return to the United States for work or medical care.[3] In response, Plaintiffs rely on the Fifth Circuit's decision in *Hernandez v. M/V Rajaan*.[4] There, the defendants argued that the district court's damage award—which based future lost wage damages on past wages the plaintiff earned in the United States—was unreasonable.[5] As here, the plaintiff in that case was in the United States illegally at the time of the injury.[6] The court held that the plaintiff had the initial burden to prove "the damages his injury had caused and was likely to cause in the future."[7] If the plaintiff makes this showing, the

[1] ECF No. 71 at 1.
[2] ECF No. 71-1 at 6.
[3] ECF No. 71-1 at 4–8.
[4] 848 F.2d 498 (5th Cir. 1988).
[5] *Id.* at 499–500.
[6] *Id.* at 499.
[7] *Id.* at 500.

burden shifts to the defendant "to establish that the use of past wages to calculate future damages was factually improper and, if so, what a proper measure of damages should be."[8] Noting that the defendant had "presented no proof that [the plaintiff] was about to be deported or would surely be deported," the Circuit held that the district court did not err in calculating lost wage damages based on the plaintiff's past earnings.[9] Though the general *Hernandez* burden-shifting framework applies here, this case is factually distinguishable. Here, unlike in that case, there is no dispute that Plaintiff has been deported and no longer resides in the United States.[10] Plaintiff acknowledges that this means he "may be inadmissible for re-entry to live and work in the United States," but argues that "there are many waiver provisions that might apply, as well as the medical visa process, all of which could allow him to visit the country for the purpose of obtaining medical treatment."[11] Standing alone, Plaintiff's position that he might be able to receive U.S. medical care or employment in the near future (or indeed ever) appears speculative at best. Accordingly, an award based on American rates does not appear to be a proper measure of damages in this case.

However, Ocean Services has raised this argument through a motion in limine to exclude evidence. It has not filed a motion for summary judgment on damages. Questions regarding the reasonableness of damage calculations are reserved for the trier of fact, and this case is a bench trial, where the Court will be the trier of fact. The Court thus concludes that this request to exclude evidence of U.S. rates is premature. Ocean Services may renew its argument in an appropriate motion after Plaintiffs' case-in-chief. For similar reasons, the Court declines to cap Plaintiffs'

---

[8] *Id.*
[9] *Id.*
[10] ECF No. 71-1 at 6; ECF No. 74 at 3.
[11] ECF No. 74 at 4.

damage calculations as requested by Ocean Services in advance of the bench trial in this matter.[12]

Accordingly,

IT IS HEREBY ORDERED THAT Defendant Ocean Services, LLC's Motion in Limine Regarding Excessive Medical Expenses and Lost Wage Calculations [ECF No. 71] is DENIED.

THUS DONE in Chambers on this 19th day of November, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

[12] ECF No. 71-1 at 8–10.